IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BESSIE NEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV-04-1435-R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On January 11, 2006, the above-styled case brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2674, was tried to the Court. Following are the Court's findings of fact and conclusions of law.

Findings of Fact

Plaintiff Bessie Neal fell in the Fort Sill Sheridan Road Shoppette during the evening of November 28, 2001. That evening was cold and wet. It had snowed that day. On the evening that Plaintiff fell, five signs had been placed throughout the store. A sign was located between the outer doors and inner door of the shoppette bearing the words "Please wipe your feet." Two "Caution: Wet Floor" signs were placed at the end of the floor mat which was placed inside the inner door to the shoppette. Another "Caution: Wet Floor" sign was located between the third and fourth cash registers. Another "Caution: Wet Floor" sign was located in the aisle by the cappuccino machine. At the direction of the shoppette's shift manager, Hayward Johnson, a laborer employed by the shoppette, Todd Tyo, had put out the signs, placed floor mats inside the shoppette, changed the floor mats out as they became wet,

monitored the floor and mopped it when it became wet.  Plaintiff fell after she had purchased cigarettes and two cappuccinos at the fourth cash register, realized she had forgotten to pay for her gas, and as she turned back to her right to do so.

After she fell, Plaintiff was transported by ambulance to the Reynolds Army Community Hospital Emergency Room where she was treated and released the same night. Plaintiff received follow-up care from Dr. David Anderson, who she testified was her family physician, for complaints of pain in her right shoulder and right knee.  On April 25, 2002, MRIs of Plaintiff's right knee and right shoulder ordered by Dr. Anderson were taken. Defendant's Exhibit 4, Nos. 0152 & 0154.  The MRI of Plaintiff's right knee was "unmarkable," *id.* at No. 0152, and the MRI of her right shoulder revealed "no rotator cuff tear or other significant abnormality." *Id.* at No. 0154.  Dr. Anderson subsequently referred Plaintiff to Dr. Donald Baldwin.  Dr. Baldwin performed surgery on Plaintiff's right shoulder on December 12, 2002.  Plaintiff testified and Dr. Baldwin's records reflect that Dr. Baldwin repaired a partially torn rotator cuff.  Plaintiff continued to have pain in her right shoulder following surgery.  Dr. Baldwin referred Plaintiff to Dr. Ndekwe for pain management. Plaintiff also went to physical therapy for two and one-half weeks.

Plaintiff testified that she wore a brace on her right knee for 2 ½ months but that her knee recovered.  She also testified that she still has pain in her right shoulder and is still taking pain medication.  She testified that the pain in her right shoulder is not worse but it's not better.     Plaintiff offered no medical opinion testimony that her rotator cuff tear was caused by her fall at the shoppette or, for that matter, that the pain in her shoulder and knee

was caused by the fall. The medical records showed that Plaintiff had knee and shoulder problems prior to her fall.

## Conclusions of Law

Plaintiff's claim is predicated on the United States' waiver of sovereign immunity under the FTCA. Pursuant to the FTCA, the United States is liable on tort claims "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, "in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b). Thus, the Court looks to the law of the state in which the alleged tortious conduct occurred, Oklahoma, to determine whether Defendant United States is liable. *Ayala v. United States*, 49 F.3d 607, 611 (10th Cir. 1995).

Under Oklahoma law, a plaintiff asserting a negligence claim must prove by a preponderance of the evidence three essential elements: 1) that the defendant owed a duty to the plaintiff; 2) that the defendant breached that duty; and 3) that the plaintiff sustained an injury proximately caused by the defendant's breach of that duty. *See, e.g., Roberson v. Waltner*, 108 P.3d 567, 569 (Okla. 2005); *Copeland v. Lodge Enterprises, Inc.*, 4 P.3d 695, 699 (Okla. 2000). *See also Brown v. Wal-Mart Stores, Inc.*, 11 F.3d 1559, 1563 (10th Cir. 1993) (applying Oklahoma law). Under Oklahoma law, a business owner owes a duty to its customers or invitees to exercise reasonable care to keep its premises in a reasonably safe condition and to prevent injury to its invitees. *See Dover v. W.H. Braum, Inc.*, 111 P.3d 243, 245 (Okla. 2005); *Thomas v. E-Z Mart Stores, Inc.*, 102 P.3d 133, 136 (Okla. 2004) (quoting *Pickens v. Tulsa Metropolitan Ministry*, 951 P.2d 1079, 1083-84 (Okla. 1998)); *Brown v.*

*Wal-Mart Stores, Inc.*, 11 F.3d at 1563. A landowner or business invitor has a duty to warn customers or invitees of dangerous conditions on the premises which are known or ought to be known to the owner and are unlikely to be discovered by the invitee or which are in the nature of hidden dangers, traps, snares and the like. *Dover*, 111 P.3d at 245; *Thomas*, 102 P.3d at 136; *Martin*, 92 P.3d at 97; *Brown*, 11 F.3d at 1563. A business owner or invitor is not a guarantor of the safety of its invitees. *Dover*, 111 P.3d at 243.

     Plaintiff was a business invitee at the time she fell in the shoppette, Defendant's premises. However, Plaintiff has failed to prove by a preponderance of the evidence that Defendant as a business owner or invitor breached a duty owed to Plaintiff under Oklahoma law. Under the circumstances the Court finds that the Defendant did all that could reasonably be expected to maintain the premises in a safe condition and that the customers, including Plaintiff, were warned and were fully aware that because of the weather the floor was potentially slick. Additionally, Plaintiff has failed to prove by a preponderance of the evidence that she sustained injuries proximately caused by Defendant's breach of a duty owed to the Plaintiff. Accordingly, Defendant is not liable on Plaintiff's negligence claim under the FTCA and is entitled to judgment herein.

**IT IS SO ORDERED this 13th day of January, 2006.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE